IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NIKKI BALL,<br><br>    Plaintiff,<br><br>vs.<br><br>RORY CARSTENS, and<br>HANDEI MACK, INC.,<br><br>    Defendants. | Civil No.:<br><br><br><br>**COMPLAINT** |

## I.    PRELIMINARY STATEMENT

1. This is a civil action in which the Plaintiff seeks to recover damages as a result of personal injuries sustained in a motor vehicle collision on March 12, 2013, on Highway 50, in Cass County, Nebraska.

## II.    JURISDICTION

2. This court has jurisdiction over the subject matter and the parties in this action by virtue of 28 U.S.C. §1332 in that complete diversity of citizenship exists between the Plaintiff and Defendant and the amount in controversy, exclusive of interest and court costs, exceeds the sum of $75,000.00.

### III. PARTIES

3. **Nikki Ball,** (hereinafter referred to as **Nikki**) is and at all times material hereto was, a citizen of the United States and a resident of Nebraska. Plaintiff's age at the time of this collision was 33 years of age; her date of birth is August 20, 1979. On March 12, 2013, **Nikki** was the owner and operator of a 2006 Volkswagen J25, (hereinafter referred to as **Ball car**.

4. **Defendant Handei Mack, Inc.** (hereinafter referred to as **Defendant Handei**), was at all times material hereto a trucking corporation with its principal place of business at 2010 Dean Avenue, Schaller, Iowa 51053. On March 12, 2013, **Defendant Handei** was the owner of a 1997 tractor trailer (hereinafter referred to as **1997 semi-truck**).

5. **Defendant Rory Carstens** (hereinafter referred to as **Defendant Carstens**) was the operator of the 1997 tractor trailer.

6. On March 12, 2013, and at all times material hereto, **Defendant Handei** was the employer of **Defendant Carstens.**

### IV. STATEMENT OF CLAIM

7. The claim is based on a collision, which occurred on March 12, 2013, at approximately 5:13 p.m. on Highway 50. **Nikki** was stopped

on Highway 50, waiting to turn on to Walnut Street, when the 1997 semi-truck operated by Rory Carstens, which was also southbound on Highway 50, slammed into the rear of the **Ball car.**

The following photograph depicts the severity of the impact to the **Ball car**:



8. **Defendant Carstens** was negligent in one or more of the following particulars:

    a. Following too closely;

    b. Failing to keep a proper lookout;

    c. Operating his vehicle at an excessive speed for the conditions then and there existing;

    d. Failing to maintain control;

    e. Failing to maintain accurate logbooks;

    f. Failing to comply with hours of service guidelines pursuant to the Federal Motor Carrier Safety Regulations.

9. Such acts or omissions are pled as a violation of the duty to exercise ordinary care. Each of these acts or omissions is pled singularly, as well as alternatively, and in combination with any or all such acts or omission.

10. At all times material, **Defendant Carstens** acted within the course and scope of his employment with **Defendant Handei**. The claimed negligence of **Defendant Carstens** is imputed to **Defendant Handei** under the doctrine of *respondeat superior.*

11. **Defendant Handei** was negligent in one or more of the following particulars:

    a. Failing to supervise and monitor **Defendant Carstens**;

    b. Failing to implement a system which ensures that its drivers properly maintain logbooks;

    c. Failing to implement a system which ensured that its drivers operate their vehicles in compliance with the Federal Motor Carrier Safety Regulations.

12. The injury to **Nikki** was not caused by any act or omission of her, but on the contrary was caused by the negligence of **Defendant Carstens** and **Defendant Handei.**

13. As a direct and proximate result of the negligence of **Defendants**, **Nikki** sustained significant permanent injuries.

### V. INJURIES AND DAMAGE

14. Though the total extent of **Nikki's** injuries cannot be determined at this time, it is known that she sustained these injuries:

    a. Traumatic brain injury/concussion

    b. Neck pain

    c. Lower back pain

  d. Left ankle pain

  e. Headache

  f. Numbness and tingling in arms and legs

  g. Dizziness

  h. Visual disturbances

15. As a direct and proximate result of the injuries sustained in said collision, it has been necessary for **Nikki** to expend money for hospital and medical treatment, and in the future will continue to spend further sums for hospital and medical treatment. To date, **Nikki** has incurred medical expenses in excess of **$112,000.00.**

## VI. PRAYER FOR RELIEF

WHEREFORE, **Nikki** prays for judgment against the **Defendants** for special damages and for general damages that will fairly and adequately, but not excessively, compensate **Nikki** for the nature and extent of her injuries, disability, medical expenses (past and future), lost wages (past and future), diminished earning capacity, mental and physical pain and suffering (past and future), and such other items of damages which may have been caused by the acts of the **Defendants**, together with the costs expended herein.

NIKKI BALL, Plaintiff

By:   /s/ Ronald J. Palagi
      RONALD J. PALAGI #13206
      THE LAW OFFICES OF
      RONALD J. PALAGI, P.C.
      3131 South 72nd Street
      Omaha, NE 68124
      (402) 397-7990

Attorneys for Plaintiff